IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PAUL MCDONALD *
Plaintiff,
v. * CIVIL ACTION NO. PJM-07-1096

WARDEN *
Defendant.
***

**MEMORANDUM OPINION**

On November 22, 2006, the Court issued a pre-filing screening order with regard to Plaintiff's cases. *See McDonald v. Warden*, Civil Action No. U/A-06-2829 (D. Md.). All new cases filed by Plaintiff are subject to preliminary review and, if deemed appropriate, are to be placed on the inactive-unassigned docket until such time as Plaintiff has zero cases on the active docket.[1]

On April 30, 2007, the Court received the instant pleading in which Plaintiff asks this Court to criminally charge seven correctional officers and an adjustment hearing officer with various counts of assault, verbal harassment, conspiracy, and property destruction. Paper No. 1. He seeks enforcement of "the criminal part of this petition before . . . proceed[ing] with the civil action against defendants." *Id*.

The action was construed as a 42 U.S.C. § 1983 civil rights action and shall be summarily dismissed without prejudice. The Court knows of no free-standing right for a private citizen to seek the criminal prosecution of individuals. Indeed, "[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another."

---

[1] Three of Plaintiff's cases are currently pending before the Court. *See McDonald v. Friend*, Civil Action No. PJM-06-968 (D. Md.); *McDonald v. Sowers, et al.*, Civil Action No. PJM-06-2357 (D. Md.); and *McDonald v. Stigle, et al.*, Civil Action No. PJM-06-2375 (D. Md.). *McDonald v. Warden*, Civil Action No. U/A-06-2829 (D. Md.), is currently on inactive-unassigned status.

*Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Otero v. United States Attorney General*, 832 F.2d 141 (11th Cir. 1987); *Ostrowski v. Mehltretter*, 20 Fed. Appx. 87, 90 (2d Cir. 2001). Further, the law is also clear that a private citizen has no constitutional, statutory, or common law right to require a public official to investigate or prosecute a crime. *See Sattler v. Johnson*, 857 F.2d 224, 226 (4th Cir. 1988); *see also White v. City of Toledo*, 217 F. Supp. 2d 838, 841 (N.D. Ohio 2002); *Walker v. Schmoke*, 962 F. Supp. 732, 733 (D. Md. 1997) ("[N]o federal appellate court, including the Supreme Court . . . has recognized that there is a federally enforceable right for the victim to have criminal charges investigated at all, let alone with vigor or competence."); *Fulson v. City of Columbus*, 801 F.Supp. 1, 6 (S.D. Ohio 1992) ("A public official charged with the duty to investigate or prosecute a crime does not owe that duty to any one member of the public, and thus no one member of the public has a right to compel a public official to act.").

For the aforementioned reasons, a separate Order shall be entered dismissing Plaintiff's Complaint. To the extent Plaintiff wishes to pursue civil rights actions against prison staff under the Eighth and Fourteenth Amendment, he is free to file the appropriate cause of action.

Date: May 9, 2007

/s/
ALEXANDER WILLIAMS, JR.
UNITED STATES DISTRICT JUDGE
FOR
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE